UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO, CDCR #BN-7728, <br><br> Plaintiff, <br><br> vs. <br><br> SUMMER STEPHAN, San Diego District Attorney; JESSICA COTO, Deputy San Diego District Attorney; KATHERINE CRUMB, San Diego Police Detective; NANCY KARMELECH, Accuser; and CHARLES ROGERS, Superior Court Judge, <br><br> Defendants. | Case No.: 25-cv-0083-WQH (SBC) <br><br> **ORDER:** <br><br> **1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS,** and <br><br> **2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

HAYES, Judge:

Plaintiff Daniel Dorado, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by Motions to Proceed In Forma Pauperis ("IFP"). (ECF Nos. 1-2, 6.[1])

---

[1] On January 13, 2025, Plaintiff filed his first Motion to Proceed IFP. (ECF No. 2.) On February 13, 2025, Plaintiff filed a second Motion to Proceed IFP. (ECF No. 6.) The two motions contain identical information.

1

I. **Motions to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)-(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motions, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. (ECF No. 2 at 13-16; ECF No. 6 at 11-14.) The document shows he had an average monthly balance of $156.01 and average monthly deposits of $187.50, with an available balance of $0.00. (ECF No. 2 at 13-16; ECF No. 6 at 11-14.) The Court **GRANTS** Plaintiff's motions to proceed IFP and assesses no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available

to him when payment is ordered."). Plaintiff remains obligated to pay the $350 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.  **Allegations in the Complaint**

Plaintiff names as Defendants San Diego County District Attorney Summer Stephan, San Diego County Deputy District Attorney Jessica Coto, San Diego County Superior Court Judge Charles Rogers, San Diego Police Detective Katherine Crumb, and a person named Nancy Karmelech who Plaintiff refers to as an "accuser." (ECF No. 1 at 2-3.) He claims they were all involved in his San Diego County Superior Court criminal prosecution, which resulted in his December 2019 conviction for raping four women. (*Id*.; ECF No. 1-26 at 25.)

Plaintiff alleges Defendants District Attorney Stephan and Deputy District Attorney Coto committed prosecutorial misconduct by failing to disclose exculpatory evidence, which delayed him from obtaining bail for six months in order to make him lose his restaurant and his reputation and to damage his relationship with his family. (ECF No. 1 at 4-5, 13.) He alleges the San Diego District Attorney's Office posted on its public website that he had been charged with a lewd act on a minor, even though that charge did not appear in the original charging document at the time of his arrest but was included in a charging document several days later and then removed again several days after that. (*Id*. at 7.) He states the post was not taken down until six months later when he was released on bail, causing stress and anxiety from being incarcerated as an accused child sex offender, resulting in death threats and physical assaults while he was incarcerated awaiting bail. (*Id*.) Plaintiff alleges there were 38 statements made by Defendant Coto which were either misleading or outright lies, and that 41 such statements were made by lead Detective Crumb, 12 by another detective, and a total of 209 made throughout his trial under oath, all of which should have been corrected by Defendant Coto in her role as the prosecutor or by Defendant Crumb who sat at the prosecution table as lead detective. (*Id*. at 8.)

Plaintiff alleges Defendant Detective Crumb did not read Plaintiff his *Miranda* rights until nine and one-half hours after he was arrested, committed perjury regarding statements made during Plaintiff's interrogation, colluded with the prosecutors and the trial judge to prevent the jury from viewing a video of the interrogation which would have exposed the

perjury, and colluded with the prosecution to delay his bail and present false evidence and perjured testimony. (*Id*. at 6, 9, 12.) Plaintiff alleges Defendant Judge Rogers misapplied the law in calculating his sentence, which was based on perjured testimony, and colluded with the prosecution to increase the number of charges from 14 at the time of his arrest to 35 by the time of trial to impose a longer sentence. (*Id*. at 10.) He alleges Judge Rogers was biased, committed errors in admitting evidence, and "made the trial personal." (*Id*.)

Plaintiff alleges that Defendant Karmelech, an "accuser," manufactured evidence without a chain of custody, and that on at least nine occasions during an interview with a detective and at trial she admitted to deliberately erasing exonerating evidence which would have confirmed all her accusations were complete lies, which Defendant Crumb could have retrieved from Plaintiff's cell phone seized upon his arrest, and which the trial judge knew of and failed to address. (*Id*. at 11.) Plaintiff alleges Defendant Karmelech committed perjury when she testified Plaintiff had a history of using date rape drugs to rape women. (*Id*.)

Plaintiff states that he is currently proceeding through his second resentencing proceeding and seeks relief in the form of immediate release from prison, an injunction preventing retaliation, and money damages.[2] (*Id*. at 14-15.)

### C. Discussion

Defendant Judge Rogers is immune from actions arising from the discharge of his official duties as alleged here, as the "immunity is not overcome by allegations of bad faith or malice." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official

---

[2] Plaintiff was charged with 35 felony counts of sex offenses against eight women, a jury convicted him of 20 counts of sex offenses against four women, and in November 2020, he was sentenced to 40 years in prison. *See People v. Dorado*, 105 Cal. App. 5th 717, 723-25 (2024). His conviction was affirmed on appeal but remanded for resentencing under two resentencing statutes enacted while the appeal was pending, and he was resentenced in April 2023 to 38 years. *See id.* at 725-28. On October 3, 2024, the appellate court remanded again for resentencing based on a matter of first impression of state sentencing law regarding the dual use of the same facts to impose an upper term and a mandatory consecutive term. *See id.* at 728-40.

immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). "Judges' immunity from civil liability should not be affected by the motives with which their judicial acts are performed." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only where he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). An act is judicial when "it is a function normally performed by a judge" while acting in his or her judicial capacity. *Id*. at 362. Accordingly, the claim for damages against Defendant Judge Rogers must be dismissed because it fails to state a claim upon which relief may be granted and seeks monetary relief from a Defendant who is immune from such relief. *Id*. The claim is legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous "where it lacks an arguable basis either in law or fact"); *see also, e.g.*, *Mainez v. Gore*, No. 17cv1359-JAH (JLB), 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against judge based on allegations regarding sentencing and presiding over criminal proceedings subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)).

The claims for damages against Defendants District Attorney Stephan and Deputy District Attorney Coto are barred by the doctrine of quasi-judicial immunity. Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by a prosecutor in the performance of an integral part of the criminal judicial process as alleged by Plaintiff here. *Ashelman*,

793 F.2d at 1078; *Imbler v. Pachtman*, 424 U.S. 409, 427-29 (1976); *Garmon v. County of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (state prosecutors are absolutely immune from suit for "'initiating a prosecution' and 'presenting the State's case'" (quoting *Imbler*, 424 U.S. at 431)). Thus, Plaintiff has failed to state a § 1983 claim for damages against Defendants Stephan and Coto.

Plaintiff has failed to state a § 1983 claim against Defendant Karmelech for her trial testimony because she is a private citizen and is not alleged to be acting under color of state law. *See Tsao*, 698 F.3d at 1138 ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). "It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'" *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983). In addition, private party witnesses are entitled to absolute immunity from claims for damages even if alleged to have conspired with the authorities where the conspiracy is "inextricably tied" to their testimony. *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001). Thus, Plaintiff has failed to state a § 1983 claim for damages against Defendant Karmelech.

Plaintiff has not stated a § 1983 claim for damages against the remaining Defendant, Detective Crumb, nor stated a § 1983 claim for equitable relief against any Defendant, based on allegations regarding his criminal proceedings, as such claims as currently alleged sound only in habeas. Claims related to the "circumstances" of a prisoner's confinement are brought in a civil rights action, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may

not be brought in a [civil rights] action.") (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")). A claim based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable outside of the habeas context unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Thus, to the extent Plaintiff seeks relief based on claims he has been unlawfully convicted, sentenced, and/or incarcerated, he may not pursue those claims in a civil rights action without first showing his conviction has been invalidated. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a [civil rights] action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'") (quoting *Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a prisoner with the exclusive means to attack the validity of his confinement in federal court)). Because Plaintiff does not allege his conviction has been invalidated by way of direct appeal, executive order, or through the issuance of a writ of habeas corpus, and in fact contends his conviction has been affirmed on direct appeal and he is currently proceeding through resentencing proceedings, all claims against all Defendants as currently pleaded in the Complaint are subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b). [3]

Finally, to the extent Plaintiff seeks to bring claims which do not sound in habeas, such as based on his allegation he was assaulted while in custody, he has included only conclusory allegations regarding his assault and has therefore failed to state a claim in this regard. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the plausibility standard required to state a claim for relief). To the extent Plaintiff attempts to rely on the exhibits attached to the Complaint to allege claims, they are not a substitute for factual allegations which must be contained in the Complaint. *See Arnold v. Hearst Mag. Media, Inc.*, No. 19cv1969-JAH (MDD), 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020) ("Exhibits attached to a complaint are not a substitute for factual allegations.").

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief against any Defendant and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D. Leave to Amend

Although it appears unlikely Plaintiff will be able to amend his Complaint to state a claim, because he is proceeding pro se, the Court will grant an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C.

---

[3] In addition, any claim for equitable relief in this action seeking to have this Court interfere with ongoing criminal proceedings would require abstention at this time. *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (holding that absent extraordinary circumstances, abstention under *Younger v. Harris*, 401 U.S. 37 (1971) is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings"); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

§ 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motions to Proceed IFP [ECF Nos. 2, 6].

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: February 25, 2025

Hon. William Q. Hayes
United States District Court