UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO, CDCR #BN-7728,<br><br>                       Plaintiff,<br><br>vs.<br><br>SUMMER STEPHAN, San Diego District Attorney; JESSICA COTO, Deputy San Diego District Attorney; KATHERINE CRUMB, San Diego Police Detective; NANCY KARMELECH, Accuser; and CHARLES ROGERS, Superior Court Judge,<br><br>                       Defendants. | Case No.: 25-cv-0083-WQH (SBC)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO AMEND** |

HAYES, Judge:

      On January 7, 2025, Plaintiff Daniel Dorado, a state prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to Proceed In Forma Pauperis ("IFP"). (ECF Nos. 1-2.) Plaintiff alleged that Defendants San Diego County District Attorney Summer Stephan, San Diego County Deputy District Attorney Jessica Coto, San Diego County Superior Court Judge Charles Rogers, San Diego Police Detective Katherine Crumb, and Nancy Karmelech, an "accuser," were all involved in his

San Diego County Superior Court criminal prosecution which resulted in his December 2019 conviction for raping four women. (ECF No. 1 at 2-3; ECF No. 1-26 at 25.) On February 25, 2025, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require *sua sponte* dismissal of a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court found the claims for damages against Defendant Judge Rogers are barred by the doctrine of judicial immunity, the claims for damages against Defendants District Attorney Stephan and Deputy District Attorney Coto are barred by the doctrine of quasi-judicial immunity, and Defendant Karmelech, a private citizen who testified against Plaintiff, was not acting under color of state law. (*Id*. at 5-7.) The Court found Plaintiff had failed to state a damages claim against the remaining Defendant Detective Crumb, and did not state a § 1983 claim for equitable relief against any Defendant, because to the extent success on his claims would necessarily demonstrate the invalidity of his confinement or its duration, he had not shown his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, and to the extent Plaintiff sought to raise claims unrelated to his conviction he had presented conclusory allegations. (*Id*. at 7-9.) Although it appeared unlikely Plaintiff would be able to amend his Complaint to state a claim, because he is proceeding pro se, the Court granted an opportunity to amend on or before April 11, 2025. (*Id*. at 9-10.)

On March 14, 2025, Plaintiff filed the present Motion for an extension of time to file an amended complaint. (ECF No. 9.) Plaintiff states that he is currently challenging certain aspects of his conviction in state court but thinks it unlikely he will succeed in having his conviction invalidated by the time his amended complaint is due in this action, and requests either an extension of time to amend to include additional claims relating to his conviction, which he admits would be "senseless" since he needs time to invalidate his conviction through state and federal habeas actions before proceeding with his claims here, or advice

on how to "get around" the April 11, 2025, deadline. (*Id*. at 1-2.)

To the extent Plaintiff requests a stay, as noted in the Court's prior dismissal Order, Plaintiff's conviction has been upheld on appeal and he is currently proceeding with resentencing based on intervening changes in state sentencing laws. (ECF No. 7 at 5 n.2.) Once a 42 U.S.C. § 1983 plaintiff has been convicted, a stay is not necessary to avoid interference with ongoing criminal proceedings, and dismissal is required if, as here, success on the merits of the claims for damages would necessarily demonstrate the invalidity of confinement or its duration. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction," dismissal is required absent invalidation of the conviction); *see also Davis v. O'Connor*, No. 18cv2824-LAB (LL), 2019 WL 290571, at *2 (S.D. Cal. Jan. 23, 2019) (where plaintiff had opportunity to raise his federal claims in his state criminal proceedings and abstention is not available, dismissal without prejudice rather than stay of damages claims is appropriate) (citing *Gilbertson v. Albright*, 381 F.3d 965, 981-82 (9th Cir. 2004) (noting that dismissal is the appropriate remedy with respect to unripe claims for injunctive relief)). In any case, irrespective of whether a stay is available, in this case it is clear Plaintiff has not stated a claim for damages which would survive mandatory dismissal on screening even were he to succeed in invalidating his conviction. Rather, he seeks damages from the trial court Judge, two prosecutors, an investigating detective and a witness. As the Court noted in the previous dismissal Order, the Complaint fails to state a claim for damages against any of these Defendants, and a stay of this action is not available or appropriate.

Accordingly, Plaintiff's Motion for an extension of time to amend is **DENIED**. Plaintiff is once again notified that an amended complaint is due on April 11, 2025, and

must be complete by itself without reference to his original pleading.[1]

If Plaintiff fails to file an amended complaint within the time provided, or voluntarily dismisses his Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: April 1, 2025

Hon. William Q. Hayes
United States District Court

---

[1] Plaintiff filed an amended complaint on February 24, 2025, which the Court had not received before it issued its Order dismissing the original complaint. (*See* ECF No. 8.) However, that amended complaint contains no factual allegations and it remains unclear as to what purpose it was submitted.