UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO, CDCR #BN-7728,<br><br>                          Plaintiff,<br><br>vs.<br><br>SUMMER STEPHAN, San Diego District Attorney; JESSICA COTO, Deputy San Diego District Attorney; KATHERINE CRUMB, San Diego Police Detective; NANCY KARMELECH, Accuser; and CHARLES ROGERS, Superior Court Judge,<br><br>                          Defendants. | Case No.: 25cv0083-WQH (SBC)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO PROSECUTE** |

HAYES, Judge:

On January 7, 2025, Plaintiff Daniel Dorado, a state prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to Proceed In Forma Pauperis ("IFP"). (ECF Nos. 1-2.) Plaintiff alleged that Defendants San Diego County District Attorney Summer Stephan, San Diego County Deputy District Attorney Jessica Coto, San Diego County Superior Court Judge Charles Rogers, San Diego Police Detective Katherine Crumb, and Nancy Karmelech, an "accuser," were all involved in his San Diego County Superior Court criminal prosecution which resulted in his December 2019 conviction for raping four women. (ECF No. 1 at 2-3; ECF No. 1-26 at 25.) On

February 25, 2025, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require *sua sponte* dismissal of a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court found the claims for damages against Defendant Judge Rogers are barred by the doctrine of judicial immunity, the claims for damages against Defendants District Attorney Stephan and Deputy District Attorney Coto are barred by the doctrine of quasi-judicial immunity, and Defendant Karmelech, a private citizen who testified against Plaintiff, was not acting under color of state law. (*Id*. at 5-7.) The Court found Plaintiff had failed to state a damages claim against the remaining Defendant Detective Crumb, and did not state a § 1983 claim for equitable relief against any Defendant, because to the extent success on his claims would necessarily demonstrate the invalidity of his confinement or its duration, he had not shown his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, and to the extent Plaintiff sought to raise claims unrelated to his conviction he had presented conclusory allegations. (*Id*. at 7-9.)

Although it appeared unlikely Plaintiff would be able to amend his Complaint to state a claim, because he is proceeding pro se, the Court granted an opportunity to amend on or before April 11, 2025. (*Id*. at 9-10.) Plaintiff was also informed that if he failed to file an amended complaint within the time provided, or voluntarily dismissed his Complaint, the Court would enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. (*Id.* at 10-11 (quoting *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).)

On March 14, 2025, Plaintiff filed a Motion for an extension of time to file an amended complaint, indicating that he is currently challenging certain aspects of his conviction in state court but thinks it unlikely he will succeed in having his conviction invalidated by the time his amended complaint is due in this action. (ECF No. 9 at 1-2.) Plaintiff requested either an extension of time to amend to include additional claims relating to his conviction, which he admitted would be "senseless" since he needs time to invalidate his conviction through state and federal habeas actions before proceeding with his claims here, or advice on how to "get around" the April 11, 2025, amendment deadline in this case. (*Id.*)

On April 1, 2025, the Court denied the motion for an extension of time, finding that, irrespective of whether a stay is available in this case, it is clear Plaintiff has not stated a claim which would survive mandatory dismissal on screening even were he to succeed in invalidating his conviction. (ECF No. 10 at 3.) Plaintiff was once again notified that if he failed to file an amended complaint by April 11, 2025, or voluntarily dismissed his Complaint, the Court would enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. (*Id*. at 4 (citing *Lira*, 427 F.3d at 1169).)

As of the date of this Order, Plaintiff has not filed an amended complaint, nor has he contacted the Court. Accordingly, the Court **DISMISSES** this action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and for failure to prosecute. The Clerk of Court shall enter final judgment accordingly and close the file.

**IT IS SO ORDERED**.

Dated: May 14, 2025

Hon. William Q. Hayes
United States District Court